UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HOSTAR MARINE TRANSPORT SYSTEMS, INC.

      Plaintiff,

v.                                            Civ. No. 05-10111 DPW

UNITED STATES OF AMERICA,

      Defendant.

# UNITED STATES' BRIEF IN SUPPORT
# OF ITS MOTION TO DISMISS

MICHAEL J. SULLIVAN
United States Attorney

STEPHEN T. LYONS
Senior Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6546

Barbara Healy Smith
Assistant United States Attorney

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ii

## TABLE OF AUTHORITIES

### FEDERAL CASES

Flora v. United States, 357 U.S. 63 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Flora v. U.S., 362 U.S. 145 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Florida Power and Light v. United States, 56 Fed. Cl. 328, 334  (Ct. Fed. Cl. 2003), aff'd 375
        F.3d 1119 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Hanover Bank v. Commissioner, 369 U.S. 672, 686 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Merhow Industries, Inc. v. U.S., 517 F. Supp. 1221 (N.D. Ind. 1981)  . . . . . . . . . . . . . . . . . . . . 3
Spivak v. United States, 370 F.2d 612 (2d Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Steele v. United States, 280 F.2d 89 (8th Cir. 1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
United States v. Michel, 282 U.S. 656 (1931) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
United States v. Mitchell, 463 U.S. 206, 212 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

### FEDERAL STATUTES

26 U.S.C. §6103(h)(2,4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
26 U.S.C. §7421(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
26 U.S.C. §7422(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
28 U.S.C. §1346(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

iii

## ISSUE PRESENTED

Whether this court has subject matter jurisdiction over this refund suit.

## STATEMENT OF FACTS

According to the plaintiff's complaint (para. 4), it manufactures and sells hydraulic boat trailers. Beginning around 1998, the Internal Revenue Service (IRS) began to examine the plaintiff for potential excise tax liability on the sale of some of its trailers. Lyons decl. Para. 2. As a result of that examination, the IRS determined that the plaintiff had failed to file the appropriate excise tax returns and pay the amount of tax due on the sale of 14 trailers that were sold during the first and second quarters of 1994, the second through fourth quarters of 1995 and all four quarters of 1996 (period in issue). Lyons decl. Para. 2. On May 8, 2000, the IRS assessed the excise tax, penalty and interest it determined to be due from the plaintiff for the period in issue with respect to the sale of the 14 trailers. The smallest amount of tax assessed with respect to the sale of any of the 14 trailers was $2,590.12. Lyons decl. Para. 3.

On January 31, 2001, the IRS applied an overpayment in the amount of $215.20 from the plaintiff's 2000 Form 940, federal unemployment tax return, to its excise tax liability for the second quarter of 1994. On July 31, 2001, the IRS applied an overpayment in the amount of $55.91 from the plaintiff's second quarter 2001 Form 941, employment tax return, to its excise tax liability for the first quarter of 1994. As of February 23, 2005, no other payments, other than the $271.11 described above, have been made by the plaintiff against the excise taxes assessed against it for the period in issue. Lyons decl. Para. 4

Sometime after the two overpayments were applied, the plaintiff apparently filed a claim for refund for the taxes and penalties assessed against it.[1] That alleged claim, for $84,664.00, was denied by the IRS on January 16, 2003. Thereafter, the plaintiff filed its complaint on

---

[1] The plaintiff does not assert in its complaint that it filed a claim for refund, but attaches as Exhibit 1 a letter from the IRS, dated January 16, 2003, denying what purports to be the plaintiff's claim. Solely for purposes of this motion to dismiss, it will be assumed that the plaintiff timely filed a claim for refund.

2

January 18, 2005. In count I of its complaint, it seeks a refund of $271.11 plus interest and an abatement of the remaining part of the assessment. In Count II of the complaint, the plaintiff seeks to avoid its proper liability by having the assessment abated on due process grounds, alleging that because other similarly situated taxpayers were not assessed the same tax, it should not be assessed either.

It is the position of the United States that the plaintiff's complaint must be dismissed for several reasons. First, it is a jurisdictional prerequisite to filing a refund action, such as this case, that the plaintiff pay, at a minimum, the tax on one vehicle. The plaintiff having failed to do that, this court is without subject matter jurisdiction to consider the plaintiff's claim for a refund. Since this court has no refund jurisdiction, the plaintiff's due process claim can only be considered as either seeking an injunction against the assessment or collection of the tax or a declaratory judgment that the tax is not owed. Both theories are precluded by statute.

ARGUMENT

THIS COURT IS WITHOUT JURISDICTION TO
CONSIDER THE PLAINTIFF'S CLAIM FOR REFUND

It is axiomatic that the United States may not be sued unless it has waived its sovereign immunity. United States v. Mitchell, 463 U.S. 206, 212 (1983). In the context of a refund suit, that waiver is found in 28 U.S.C. §1346(a)(1) and 26 U.S.C. §7422(a). Such waiver must be strictly construed. United States v. Michel, 282 U.S. 656 (1931). As part of that waiver to be sued for a refund of taxes, it has long been held that a taxpayer must first pay the amount assessed in order to invoke the refund jurisdiction of the district court. Flora v. United States, 357 U.S. 63 (1958). This full-pay rule has been subsequently modified in the case of excise

3

taxes and some other divisible taxes. The amount that must be paid before filing a refund suit in an excise tax refund suit, such as this one, is the tax asserted to be due on one transaction for each quarter the plaintiff wishes to put in issue. Flora v. U.S., 362 U.S. 145 (1960). See also Steele v. United States, 280 F.2d 89 (8th Cir. 1960), Spivak v. United States, 370 F.2d 612 (2d Cir. 1967) and Merhow Industries, Inc. v. U.S., 517 F. Supp. 1221 (N.D. Ind. 1981). Since the plaintiff has not paid the required amount necessary for the United States to be deemed to have waived it sovereign immunity to suit, Count I of the plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

The plaintiff may contend that Exhibit 1 to its complaint, which is the letter the IRS sent it denying its claim for refund and stating that it had two years to file a suit for refund in a district court having jurisdiction, allows him to file this action since it says he can file suit within two years of January 16, 2003, which he did. This contention, if made, borders on the frivolous. Since the IRS letter clearly states that the suit can only be filed in a court of competent jurisdiction, and since, as noted above, the plaintiff has not met the jurisdictional prerequisites to filing a refund action in this court, this letter provides no authority to the plaintiff to invoke the jurisdiction of this court. Even if somehow this letter could be read as attempting to confer jurisdiction on this court over this refund action, and we contend in the strongest terms possible it does not, only Congress, not the IRS, can waive the sovereign immunity of the United States to be sued for a refund of taxes. No such waiver is present here.

The plaintiff also makes a due process argument in Count II of its complaint. Under this contention, the plaintiff states that because other competitors do not have to pay the tax assessed against it, the assessment against the plaintiff somehow results in a lack of due process. Since

4

this court, as noted above, does not have jurisdiction over this action as a refund suit, Count II can only be viewed as asking this court to either enter an injunction against the collection of the assessment or declare the assessment void for lack of due process. Both contentions must be rejected as contrary to statute. Under 26 U.S.C. §7421(a), no suit for the restraining of the assessment or collection of taxes, with certain exceptions not pertinent here, can be maintained. Likewise, 28 U.S.C. §2201 prohibits the granting of declaratory relief regarding federal taxes, with certain exceptions not pertinent here. Furthermore, a taxpayer can not avoid the payment of a proper tax by showing another taxpayer was treated differently. <u>Hanover Bank v. Commissioner</u>, 369 U.S. 672, 686 (1962). See also <u>Florida Power and Light v. United States</u>, 56 Fed. Cl. 328, 334 (Ct. Fed. Cl. 2003), aff'd 375 F.3d 1119 (Fed. Cir. 2004) ("plaintiff cannot claim entitlement to a particular tax treatment on the basis of a ruling issued to another taxpayer").

This rule, that a taxpayer cannot avoid liability because another taxpayer was treated differently, was acknowledged by Congress when it enacted IRC §6103(h)(2,4) in 1977. Under these provisions, and the regulations thereunder, the IRS is precluded from disclosing to the Department of Justice any information regarding another taxpayer, including the details of any audit or whether any audit was, in fact, ever conducted. Thus, because the treatment of another taxpayer is irrelevant, Congress did not incorporate an exception into section 6103 that would permit the Department of Justice to obtain from the IRS information that might rebut the plaintiff's contention in Count II that the plaintiff received disparate treatment.

5

## CONCLUSION

The United States' motion to dismiss should be granted, the plaintiff's complaint dismissed with prejudice and the plaintiff ordered to pay the costs of the United States because the plaintiff has failed to properly invoke the jurisdiction of this court, since it failed to pay the requisite amount of the asserted deficiency prior to filing this refund action.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

    BARBARA HEALY SMITH
    Assistant U.S. Attorney


       /s/ stephen t. lyons
    STEPHEN T. LYONS
    Senior Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 55
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 307-6546
    e-mail: stephen.t.lyons@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS has this 15th day of March, 2005, been electronically filed with the Clerk of the District Court using its CM/ECF system.

   /s/ stephen t. lyons
STEPHEN T. LYONS
Senior Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 307-6546