```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


HOSTAR MARINE TRANSPORT        )
SYSTEMS, INC.,                 )
                               )
     Plaintiff,                )
                               )         CIVIL ACTION NO.
          v.                   )         05-10111-DPW
                               )
UNITED STATES OF AMERICA,      )
                               )
     Defendant.                )
```

MEMORANDUM AND ORDER
May 26, 2005

Plaintiff, Hostar Marine Transport Systems, Inc. ("Hostar"), brings this action against the United States arising out of allegedly erroneous tax assessment. The first count of the complaint is a request for a refund of $271.11 plus interest and a declaration that an excise tax assessed against it is exempted by I.R.S. regulations. The second count requests abatement of the tax because of an alleged violation of due process.

The United States has filed a motion to dismiss the action. For the reasons stated below, that motion will be granted.

**I. Standard of Review**

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must take well-pled factual allegations in the complaint as true and must make all reasonable inferences in

-1-

favor of the plaintiff.  <u>Watterson v. Page</u>, 987 F.2d 1, 3 (1st Cir. 1993).  The court, however, need not credit "bald assertions, unsupportable conclusions, or opprobrious epithets." <u>Chongris v. Bd. of Appeals</u>, 811 F.2d 36, 37 (1st Cir. 1987).  Dismissal under Rule 12(b)(6) is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery.  <u>Cooperman v. Individual, Inc.</u>, 171 F.3d 43, 46 (1st Cir. 1999).

A reviewing court is not, however, unduly constrained.  An exception to the general principle of limitation to the complaint has been made "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff's claim; or for documents sufficiently referred to in the complaint." <u>Watterson</u>, 987 F.2d at 3.

**II. Background**

Hostar manufactures hydraulic boat trailers for use by restorers, dealers, and manufacturers for movement of boats in and around the water and facilities.  On or about May 18, 2000, the Internal Revenue Service assessed excise taxes pursuant to 26 U.S.C. § 4051 against Hostar for tax periods ending March 1994, June 1994, June 1995, September 1995, December 1995, March 1996, June 1996, September 1996 and December 1996.  In January 2001, the I.R.S. applied an overpayment credit of $215.20 to Hostar's

tax assessment, followed in July 2001 by an additional credit in the amount of $55.91. Plaintiff sought adjustment of his tax. The I.R.S. denied that request via letter dated January 16, 2003 and notified plaintiff of its right to sue within two years of the letter's mailing. (Ex. 1 to Compl.)

According to plaintiff, his trailers are not well-suited for long-distance transport and, therefore, are exempted by regulation from the 12 percent excise tax imposed by 26 U.S.C. § 4051(a)(1) on automobile truck chassis and bodies. The parties agree that the excise tax per vehicle would be in the range of $2,600 or more. The plaintiff contends that it is the only manufacturer of such trailers that has been assessed the excise tax, violating his due process rights.

**III. Discussion**

    **A. Count 1**

In its opposition to the United States's motion, Hostar describes the first count of its complaint as a "refund count." (Pl.'s Opp. at 8.) Although his complaint does not cite to statutory authority for jurisdiction over such a dispute, "28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422 together authorize a taxpayer who believes that the IRS has incorrectly assessed a tax liability against him to sue for a refund." McMillen v. United States Dep't of Treasury, 960 F.2d 187, 188 (1st Cir. 1991). But

suits brought under those statutory sections "are subject to two important limitations": "First, they must be preceded by an administrative claim for a refund. Second, the taxpayer may not go to court until he has actually paid the assessment." Id. at 189-190; see Morell v. United States, 91 F. Supp. 2d 451, 459 (D.P.R. 2000).

Plaintiff fails to meet the second McMillin requirement. Hostar requests return of the $271.11 overpayment credit. The credit, however, is not sufficient to establish jurisdiction. To refund that amount, I must find that no excise tax is due. I have no jurisdiction over that question until plaintiff pays the tax due. See Flora v. United States, 357 U.S. 63, 64 (1958) (affirming Tenth Circuit's dismissal of a tax refund claim "because the petitioner had not paid the entire assessment for the period in question"); see also Flora v. United States, 362 U.S. 145, 177 (1960) ("Reargument has but fortified our view that § 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court.").[1]

---

[1] The parties agree that the assessed excise taxes, as divisible taxes, need not all be paid to confer jurisdiction on this court to resolve the legal issue. Plaintiff would need only to pay tax on one trailer for one quarter. Cf. Flora, 362 U.S. at 176 n.38 ("[E]xcise tax assessments may be divisible into a tax on each transaction or event, so that the full-payment rule would probably require no more than payment of a small amount.") Consequently, disputes over excise taxes potentially present themselves in a slightly different posture than other tax

Hostar argues that "[t]here is no apparent reported precedent where the Court has sua sponte dismissed a matter over concerns with the jurisdictional payment." (Pl.'s Opp. at 9.) The prospect of dismissal of this case does not suggest <u>sua sponte</u> action, rather it will be the result of a ruling on the fully-brief motion to dismiss of the United States.  More fundamentally, the law in this Circuit is clear that failure to pay a tax assessment forecloses jurisdiction over a direct or collateral attempt to challenge the assessment or seek a refund. <u>See, e.g.</u>, <u>Simanonok v. United States</u>, 1995 U.S. App. LEXIS 26184, at *5 (1st Cir., Sep. 13, 1995) ("A taxpayer who seeks a refund or who challenges his underlying tax liability must allege that he has paid his taxes <u>in full</u> . . . .") (emphasis added); <u>Malouf v. United States</u>, 1999 U.S. Dist. LEXIS 7377, at *2-3 (D. Mass., April 30, 1999) ("To the extent Malouf's complaint is to be interpreted as a claim for a refund or abatement of any tax assessment, it cannot be brought unless Malouf has first paid the tax <u>as assessed</u> . . . .") (emphasis added); <u>see also</u> <u>Morell</u>, 91 F. Supp. 2d at 459 ("As the First Circuit stated, '[. . .] the "pay first and litigate later" rule is applicable both to refund actions and to any non-refund action that the taxpayer attempts to use as a vehicle for a collateral attack on his tax

---

assessments.  Nevertheless, plaintiff concedes that, at the time he filed the instant action, he had failed to make full payment of the excise tax for even one trailer for one tax quarter.

assessment.'"). Here, as in McMillin, the "tax liability remains the subject of a live dispute with the IRS. As long as that is so, any attack on the [assessment] will necessarily involve a determination of the accuracy of the underlying assessment, a determination that a district court cannot make until the jurisdictional prerequisites for a refund action have been fulfilled." McMillen, 960 F.2d at 189-190 (footnote omitted).

Even had there been no motion to dismiss, I would plainly be obligated to dismiss the case in the absence of the requisites for this court's jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction."); see In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir., 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").[2]

---

[2] I note that the IRS in its January 16, 2003 letter denying plaintiff's request for adjustment informed the plaintiff of his right to bring a recovery action "within the United States District Court having jurisdiction . . . within 2 years from the mailing date of this letter."
 The plaintiff's contention that the letter it received from the I.R.S. somehow grants this court jurisdiction is specious. Even if this brief notice of potentially available forum were an unambiguous acquiescence by the I.R.S. in the jurisdiction of this court without meeting the statutory requirements -- which it plainly is not -- it would be unavailing. "The jurisdiction of the federal courts -- their power to adjudicate -- is a grant of authority to them by Congress and thus beyond the scope of

**B. Count 2**

Plaintiff's count alleging violation of its due process rights is equally unavailing. The plaintiff has named the wrong defendant. To be sure, "under [§ 1346(a)(1)], plaintiffs may challenge the constitutionality, legality, or fairness of any IRS practice or of the amount of taxes assessed or collected." Templeman v. Beasley, 1993 U.S. Dist. LEXIS 12084, at *16 (D.N.H., Aug. 23, 1993). Here, however, where plaintiff filed suit only against the United States, there is no "implied right of action, analogous to that found in Bivens." Gonsalves v. Internal Revenue Service, 975 F.2d 13, 15 (1st Cir. 1992); see White v. Commissioner, 899 F. Supp. 767, 775 (D. Mass 1995) (Neiman, M.J.) (noting that "a suit for money damages to remedy an alleged violation of Constitutional rights may not be maintained against the United States" in a case where it was clear that the plaintiff was "not suing either the present or past Commissioner of IRS over any allegations that the Commissioner herself engaged in any wrongdoing"), adopted by

---

litigants to confer." Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 167 (1939) (Frankfurter, J.); see Seale v. INS, 323 F.3d 150, 156 (1st Cir. 2003) ("As courts created by statute, we 'can have no jurisdiction but such as the statute confers.'") (quoting Sheldon v. Sill, 49 U.S. 441, 449 (1850)). Cf. United States ex rel. B & D Mechanical Contractors v. St. Paul Mercury Ins. Co., 70 F.3d 1115, 1117 (10th Cir. 1995) (noting that the "parties are able to contractually alter the [statute's] venue provisions" but "are not able to change its jurisdictional requirements").

White v. Commissioner, 899 F. Supp. 767, 769 (D. Mass. 1995) (Ponsor, J.); Malouf, 1999 U.S. Dist. LEXIS 7377, at *5 ("Malouf's claims for damages for violation of his constitutional rights cannot be asserted against the United States.") (citing Gonsalves, 975 F.2d at 15).

More fundamentally, had plaintiff properly pled an action against individual defendants for violations arising out of specific constitutional provisions, the action would still be subject to dismissal.  As the First Circuit stated in McMillin, "[e]ven if the behavior described in the complaint did constitute some sort of constitutional violation . . ., we doubt that the creation of a Bivens remedy would be an appropriate response." McMillin, 960 F.2d at 190.  The reluctance to recognize a Bivens action in this context stems in part from the fact that Congress has provided a comprehensive remedial scheme.  See Rogers v. United States, 2000 U.S. Dist. LEXIS 2100, at *8 (D. Mass. 2000) ("[C]ourts have been disinclined to create Bivens remedies in the internal revenue context in light of the 'remedial mechanisms for constitutional violations' that Congress has already implemented in the area."); id. at *8-9 ("Where Congress has established what it considers adequate remedial mechanisms for constitutional violations that may occur with the administration of the tax laws, the courts have declined to create new Bivens remedies.") (citing McMillin, 960 F.2d at 190); Barron v. United States, 998

F. Supp. 117, 121 (D.N.H. 1998) ("Even if . . . Greeley's alleged constitutional violations go beyond the scope of the remedial scheme, the comprehensiveness of the scheme suggests that Congress intended it to be exclusive."); Fredyma v. IRS, 1998 U.S. Dist. LEXIS 22074, at *7 (D.N.H. 1998) ("[E]ven when the individual agents are parties to the suit, courts have been reluctant to extend Bivens remedies to tax cases given the remedies made available by Congress."); see also Shreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) ("[W]e agree with the District Court that a Bivens action should not be inferred to permit suits against IRS agents accused of violating a taxpayer's constitutional rights in the course of making a tax assessment.").[3]

---

[3] See Shreiber v. Mastrogiovanni, 214 F.3d 148, 154-55 (3d Cir. 2000) (citations omitted):
Our focus at this time is not on the nature of the constitutional violation that led to the allegedly incorrect assessment -- which the plaintiff must prove on the merits and we assume at this time -- but whether it is appropriate to create a damages action to remedy the wrong in light of what Congress has done. The complaint focuses on assessment activities asserted to be in violation of Shreiber's civil rights, and, regardless of the type of illegal motivation or the particulars of the violation, Congress has established a statutory scheme providing remedies for incorrect assessments.
\*   \*   \*   \*
In sum, Shreiber asks us to infer a federal damages remedy under Bivens for violation of his Fifth Amendment protections of due process and equal protection by an IRS agent charged with auditing his tax returns. We decline to do so because we believe that Congress's efforts to govern the relationship between the taxpayer and the taxman indicate that Congress has provided what it considers to be

Plaintiff apparently recognizes that it has insufficiently pled a <u>Bivens</u> action, if one were even to be available. At the hearing on the government's motion, plaintiff's counsel asserted that plaintiff was not actually pressing a <u>Bivens</u> or damages claim, but instead merely seeks declaratory relief to prevent the government from engaging in disparate treatment. Categorizing the second count in this manner does nothing to change the analysis. To the extent plaintiff seeks a declaration that the tax was improperly assessed, he must first pay the tax. The First Circuit has been clear that "the 'pay first and litigate later' rule is applicable both to refund actions and to <u>any non-refund action that the taxpayer attempts to use as a vehicle for a collateral attack on his tax assessment</u>." <u>McMillin</u>, 960 F.2d at 189 (emphasis added) ("Thus, the fact that the [plaintiffs] also sought an order directing the IRS to release the tax liens on their property did not give the district court jurisdiction over this lawsuit.").

Even in the absence of a "pay first and litigate later" rule of jurisdiction, plaintiff's request for declaratory relief faces formidable additional barriers. The Declaratory Judgment Act, 28

---

adequate remedial mechanisms for wrongs that may occur in the course of this relationship. The fact that Shreiber's complaint seeks damages not otherwise provided for in the legislative scheme and alleges wrongful religious animus does not alter our analysis.

U.S.C. § 2201, excepts from its purview cases dealing with the imposition of federal taxes. Griffin v. Commissioner, 1997 U.S. App. LEXIS 5551, at *4-5 (2d Cir., March 24, 1997) (summary order) ("[The Act] expressly precludes granting such relief in cases 'with respect to Federal taxes.' . . . The statute makes clear that Congress intended to bar federal courts from granting declaratory relief in cases challenging the IRS's method of collecting and assessing federal taxes. . . . The exception for tax matters is very broad and applies regardless of a recitation of alleged constitutional violations.") (citations omitted).

Moreover, declaratory relief is not available when there is no "case of actual controversy within [the court's] jurisdiction." 28 USCS § 2201. It is in this regard that the cases relied upon by plaintiff, Sirbo Holdings Inc. v. Commissioner, 476 F.2d 981 (2d Cir. 1973) and IBM v. United States, 343 F.2d 914 (Ct. Cl. 1965), are irrelevant on jurisdictional grounds. Both cases address the substantive question of equal treatment of taxpayers. But, in Sirbo the Second Circuit reviewed a decision of the Tax Court, where prior payment is unnecessary, 26 U.S.C. §§ 6213, 6214; cf. Gonsalves, 975 F.2d at 13,[4] and in IBM the plaintiff sought "to recover

---

[4] I note that the Tax Court also is a court of limited jurisdiction, Commissioner v. McKoy, 484 U.S. 3, 7 (1987), and only has power to hear cases concerning notices of deficiencies relating to certain excise taxes. 26 U.S.C. § 6213(a); see Abrams v. C.I. R., 787 F.2d 939, 941 (4th Cir. 1986).

$13,335,762.11, said to have been paid . . . ." IBM, 343 F.2d at 361. In short, because both cases rested on independent jurisdictional grounds, neither case stands for the proposition that a federal district court may afford declaratory relief to bar tax assessment in the absence of a showing that the assessment has been paid as a requisite to jurisdiction.

### C. Statute of Limitations

Finally, I observed at the hearing on the instant motion that the I.R.S. mailed its denial of plaintiff's adjustment request on January 16, 2003, notifying Hostar that it had two years from that date to file suit. January 16, 2005 fell on a Sunday, thereby permitting plaintiff to timely file on January 17, 2005. The docket indicates that the complaint was actually filed on January 18, 2005. The government, which did not move to dismiss on statute of limitations grounds, purported at the hearing to reserve a statute of limitations argument. The reservation was supererogatory because compliance with the statute of limitations is a jurisdictional requirement in this context independently subject to the court's invocation.

Plaintiff brings this suit against the United States pursuant to a statute waiving the government's sovereign

---

It appears that the tax at issue here falls outside the Tax Court's jurisdiction. That fact, however, does not alter the contours of this court's jurisdiction.

immunity.  The terms of the government's consent to suit are the outer bounds of a court's jurisdiction.  United States v. Dalm, 494 U.S. 596, 608 (1990).  "A statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms."  Id.  Consequently, plaintiff cannot "argue that the government failed to raise adequately this defense," because "[h]ere . . . the statute of limitations defense is based on the federal government's sovereign immunity" and the untimeliness of the complaint "'operates to deprive federal courts of jurisdiction.'"  Gandy Nursery, Inc. v. United States, 318 F.3d 631, 637 (5th Cir., 2003) (internal quotation and citations omitted).[5]  The statute of limitations provides further grounds to dismiss this action.

**IV. Conclusion**

For the reasons stated above, the motion to dismiss of the United States is GRANTED.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

---

[5] Although "[t]he 2-year period prescribed in paragraph (1) shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary," 26 USCS § 6532(a)(2), there is no such agreement here.